**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

BRIAN-PAUL ALEXANDER GUDE                                    PETITIONER
Reg. #71260-019

v.                                    2:25-cv-00073-BSM-JJV

SHANNON GIBSON,
Acting Warden,
Federal Correctional Institution – Forrest City[1]                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Brian S. Miller.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports
your objection.  Your objections must be received in the office of the United States District Court
Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

### I.    INTRODUCTION

Petitioner Brian-Paul Alexander Gude brings this Petition for Writ of Habeas Corpus
pursuant to 28 U.S.C. § 2241 *pro se*.  (Doc. No. 1.)  He alleges his due process rights were violated
in the disciplinary hearing process at the residential reentry center where he was in the prerelease

---

[1] C. Humphrey has replaced Shannon Gibson as Warden of the Federal Correctional Institution –
Forrest City and is, therefore, the appropriately named respondent.  (Doc. No. 7 at 1.)  The Court
directs the Clerk of Court to amend the docket to substitute Humphrey as the respondent.

custody of the Bureau of Prisons ("BOP").  (*Id*. at 4-6.)  After careful consideration of Mr. Gude's Petition as well as the Response (Doc. No. 7), I find the Petition must be dismissed as moot.

## II.    FACTS

On November 14, 2024, Mr. Gude was charged in a halfway house incident report with possessing loose tobacco that tested positive for synthetic cannabinoids.  (Doc. No. 1 at 26.)  Mr. Gude was given notice of a Center Discipline Committee ("CDC") hearing to be held on November 19, 2024, and Mr. Gude checked the form to indicate he did not wish to have the assistance of a staff representative.  (*Id*. at 22.)  At the CDC hearing, Mr. Gude denied the charge and stated that his locker where the contraband had been found was not locked.  (*Id*. at 24.)  But he did not call any witnesses or present any documentary evidence.  (*Id*.)  The CDC found the act was committed as charged and recommended Mr. Gude be transferred to a more secure facility for the remainder of his sentence.  (*Id*. at 25.)  A disciplinary hearing officer ("DHO") reviewed the CDC's report and agreed with the finding, citing the reporting officer's statement and photographs and discounting Mr. Gude's version of events.  (*Id*. at 18.)  The DHO imposed sanctions including the disallowance of forty-one days of good conduct time.  (*Id*.)  Mr. Gude was moved from the halfway house to a United States Penitentiary transfer center to await transfer to a BOP facility.  (*Id*. at 3-4.)

Mr. Gude filed the instant Petition for Writ of Habeas Corpus on April 17, 2025, while incarcerated at the Federal Correctional Institution – Forrest City Medium.  (*Id*.)  He alleges halfway house staff violated his due process rights by failing to review camera footage, denying him the assistance of a staff representative, and denying him the opportunity to appear before the DHO.  (*Id*. at 4-6.)  For relief, he asks the Court to vacate the disciplinary, credit him the forty-one days of disallowed good conduct time, and release him to either home confinement or a halfway

house.  (*Id*. at 6.)  Respondent contends Mr. Gude's Petition should be dismissed for failure to exhaust his administrative remedies or, alternatively, because he received all the process due him. (Doc. No. 7 at 3-8.)  I find, however, that Mr. Gude's Petition must be dismissed for another reason:  Mr. Gude was released from the custody of the BOP on July 24, 2025, making his request for relief moot.  *See* https://www.bop.gov/inmateloc/ (last visited August 20, 2025).

## III.    ANALYSIS

Pursuant to Article III, Section 2 of the United States Constitution, the jurisdiction of federal courts is limited to consideration of ongoing cases or controversies.  *See Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000).  An action becomes moot when it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot."  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden*, 212 F.3d at 469).  It is not enough that a controversy was live at earlier stages in a case; it must be live when the issues are decided.  *State of South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990).  If an issue is moot under Article III, courts have no discretion and must dismiss for lack of jurisdiction.  *Ali*, 419 F.3d at 724.

Mr. Gude's release from BOP custody is a change in circumstances that makes it impossible to grant him effective relief.  Vacating the disciplinary and restoring the lost good conduct time would have no effect on the term of supervised release he is now serving.  *See James v. Outlaw*, 142 Fed. App'x 274, at 1 (8th Cir. 2005) (per curiam) (citing *United States v. Johnson*, 529 U.S. 53, 54-59 (2000) (supervised release begins when a prisoner is released from prison, and excess prison time served cannot offset a term of supervised release)).  Moreover, it is true that

ongoing collateral consequences of a conviction – "some concrete and continuing injury other than the now-ended incarceration or parole" – can save a habeas corpus petition from mootness. *Spencer*, 523 U.S. at 7. But I can see no collateral consequences stemming from Mr. Gude's challenged disciplinary action. *See James*, 142 Fed. App'x at 1; *Howard v. Hendrix*, No. 2:19-CV-00113-KGB-JTR, 2019 WL 10745050, at 3 (E.D. Ark. Nov. 5, 2019), *report and recommendation adopted*, 2020 WL 5775186 (E.D. Ark. Sept. 28, 2020). Now that he has been released, Mr. Gude would not benefit in any way from the expungement of the disciplinary and restoration of good conduct time. The possibility that he might one day be returned to the BOP's custody, and that his punishment for some future disciplinary might be harsher because of this past disciplinary, is too remote to qualify as a collateral consequence. *See Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998); *cf. Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995) (finding collateral consequence where petitioner had already been returned to custody and his "inmate status [was] marked by the previous rules violation").

Because Mr. Gude has been released from prison, he is no longer threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. His Petition must be dismissed for lack of jurisdiction.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Gude's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED as moot.

DATED this 20th day of August 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE